IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–03462–LTB–KMT

MARY C. AUSTIN,

    Plaintiff,

v.

LAND TITLE GUARANTEE COMPANY,
EMILY WEITZEL,
KIM BYLEN,
ED KOVITZ AND ASSOCIATES,
EDWARD KOVITZ,
TEMA M. KOVITZ,
OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY
JOHN STEWART ROBINSON,
SUSAN KAY ROBINSON,
DANA LEE STEPHENS,
VETERAN AFFAIRS REGIONAL LOAN CENTER,
PARAGON MORTGAGE SERVICES,
FRENCHIE LEE LACY, JR.,
LACY'S REALTY LLC,
JILL C. JEFFERSON,
JILL C. JEFFERSON, INC.,
JILL C. JEFFERSON, LLC,
JOE FOSTER,
JOE FOSTER, PACIFIC UNION FINANCIAL LLC,
OLD FAITHFUL TEAM INC.,
PAUL J. MALONEY,
FRENCHIE LEE LACY SR., a/k/a PREACHER LACY,
JAMAL SYKES
TOWN AND COUNTRY REALTY INC.,
VICKIE L. HARVEY, TOWN AND COUNTRY REALTY INC.,
LOANDEPOT WHOLESALE,
PACIFIC UNION FINANCIAL LLC,
NATIONSTAR MORTGAGE d/b/a MR. COOPER, and

MR. COOPER

   Defendants.

---

## ORDER

---

   Before the court is Plaintiff's "Motion to Disqualify Judge Under 28 U.S.SC [sic] 455." (["Motion"], Doc. No. 17.)  In the Motion, Plaintiff asks that United States District Judge Lewis T. Babcock recuse himself from this case, "in light of the evidence attached as Exhibit 1 detailing prior unethical and/or illegal conduct or conduct which gives [Plaintiff] good reason to believe the above Judge cannot hear the above case in a fair and impartial manner." (*Id.* at 3.) However, Plaintiff has failed to attach any such exhibit to the Motion, or provide any further explanation as to the basis for her request.

   Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  In evaluating whether recusal is warranted, "the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (citations omitted).  Rather, "the test in this circuit is 'whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.'" *Id.* (quoting *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992)). "[T]he initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question." *Id.* (citations omitted) (emphasis in original). "[U]nsubstantiated suggestions, speculations, and opinions are insufficient to establish even the appearance of any bias, prejudice, or misconduct that would warrant judicial recusal." *Carpenter v. Boeing Co.*,

456 F.3d 1183, 1204 (10th Cir. 2006) (alterations omitted); *accord In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004) ("Section 455 does not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record."). There is a "substantial burden on the moving party to demonstrate that the judge is not impartial, not a burden on the judge to prove that he is impartial." *McCarthey*, 368 F.3d at 1269 (quoting *Burger*, 964 F.2d at 1070). A judge has a "strong duty to sit when there is no legitimate reason to recuse[.]" *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted).

Here, Plaintiff has failed to allege any facts that would cause a reasonable person to question the impartiality of Judge Babcock in this matter. In the absence of such allegations, Plaintiff's motion must be denied.

Accordingly, it is

**ORDERED** that the "Motion to Disqualify Judge Under 28 U.S.SC [sic] 455" (Doc. No. 17) is **DENIED without prejudice**.

This 10th day of February, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge